**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BAZYLI ANDRZEI LASZCIOWSKI, : | Civil No.  04-3616 (WJM) |
| : |  |
| Petitioner, : |  |
| : |  |
| v.         : | **OPINION** |
| : |  |
| MIDDLESEX COUNTY DETENTION  : |  |
| CENTER, et al.,          : |  |
| : |  |
| Respondents. : |  |

**APPEARANCES:**

    BAZYLI ANDRZEI LASZCIOWSKI, Petitioner, Pro Se
    # 77996
    Middlesex County Adult Correction Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**MARTINI, District Judge**

    Petitioner Bazyli Andrzei Laszciowski, an immigration detainee currently confined at the Middlesex County Correction Center ("MCACC") in New Brunswick, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition was deemed withdrawn by Order of this Court, entered on October 1, 2004, for failure to pay the $5.00 filing fee or submit a complete in forma pauperis application, as directed by an earlier Order entered in this matter on August 16, 2005.  In or about January 2005, petitioner wrote to the Court seeking to re-open the matter and submitting an in forma pauperis

application.  For the reasons discussed below, the Court will vacate its October 1, 2004 Order and direct the Clerk of the Court to re-open this matter.  The Court also will grant the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, but will dismiss the petition for lack of jurisdiction.  <u>See</u> 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

I.   <u>BACKGROUND</u>

This statement of background facts is taken from the Petition and attached papers submitted by petitioner, and is accepted as true for purposes of this review.

Petitioner is a native and citizen of Poland who entered the United States without permission in September 1985.  By Order dated March 4, 2004, an Immigration Judge ("IJ") ordered petitioner to be removed from the United States and denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture.  <u>See</u> Sections 208 and 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158 and 1231(b)(3); 8 C.F.R. §§ 1208.16-18.  The IJ also denied petitioner's voluntary departure and found that petitioner was not eligible for any other form of relief from

2

removal, such as, an adjustment of status or cancellation of removal under INA §§ 240A(b), 240B(b), and 245, respectively.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal on July 7, 2004, finding no error in the IJ's decision.

Petitioner then submitted this habeas petition for filing on July 29, 2004. However, he did not pay the $5.00 filing fee or submit a complete application to proceed <u>in forma pauperis</u>. By Order dated August 16, 2004, this Court directed petitioner to either pay the filing fee or submit a complete <u>in forma pauperis</u> application within 30 days, or the petition would be deemed withdrawn. The Court did not hear from the petitioner for more than 30 days. Accordingly, on October 1, 2004, the Court issued an Order deeming the petition withdrawn and directing the Clerk of the Court to close the file.

On or about February 4, 2005, petitioner submitted handwritten papers to this Court, which are barely legible and coherent. However, it appears that petitioner seeks to re-open this matter, and submits an application to proceed <u>in forma pauperis</u>. His papers also show that petitioner had sought to re-open his removal proceedings, by filing a motion to re-open with the BIA on or about November 17, 2004.

More recently in April 2005, petitioner forwarded papers to this Court, which show that he has filed a notice to appeal to

3

the United States Court of Appeals for the Third Circuit.  It appears that petitioner is appealing a final order of removal after the BIA issued an opinion in January 2005, denying the motion to re-open.

With respect to the habeas petition initially filed in this action, petitioner challenges his removal, and the denial of asylum, withholding of removal, and the claim under the Convention Against Torture.  He alleges ineffective assistance of counsel.  He also seeks a stay of deportation and appointment of counsel.

## DISCUSSION

**A.    Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Here, the petition and later-submitted papers are mostly illegible and incoherent.  Petitioner has difficulty communicating in the English language, and does not articulate his claims very well.  Nevertheless, for the reasons discussed below, his petition will be dismissed.

**B.   Petitioner's Request for Habeas Relief Will Be Dismissed**

On November 17, 2004, after the BIA had issued a final decision, dated July 7, 2004, denying petitioner's applications for asylum, withholding of removal, and for relief under the Convention Against Torture, petitioner moved to reopen the matter with the BIA.  He had previously submitted this habeas petition, but it was deemed withdrawn by Order of this Court, dated October 1, 2004.  The BIA denied the motion to re-open on January 5, 2005.  Petitioner now seeks to re-open this habeas petition. However, he simultaneously filed a notice of appeal to the Third Circuit for review of the BIA's January 5, 2005 order denying the motion to re-open.

Denials of motions to reopen or for reconsideration by the BIA are reviewed by the Court of Appeals for the appropriate district.  See Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir. 2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); Sevoian v. Ashcroft, 290 F.3d

5

166, 169 (3d Cir. 2002); Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)("[d]iscretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law'"); Dastmalchi v. INS, 660 F.2d 880, 885, 886 (3d Cir. 1981). Thus, in this case, the appropriate Court in which denial of the motion to reopen could have been appealed is the Court of Appeals for the Third Circuit. Petitioner apparently has appealed the decision of the BIA to deny his motion to reopen to the Third Circuit, and the matter is currently before that court for review.

Thus, this Court does not have jurisdiction over petitioner's habeas action, which newly challenges the BIA's denial of his motion to re-open. Moreover, with respect to petitioner's initial habeas petition, which seeks to challenge the BIA's July 7, 2004 order of removal and denial of petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, the Court would have been precluded from reviewing the petition because the petitioner failed to exhaust his administrative remedies before seeking habeas relief.[1]

---

[1] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for relief. See Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Massieu v. Reno, 91 F.3d 416, 420-21 (3d Cir. 1996)("judicial review is

Now, these very issues are on review before the Third Circuit by virtue of petitioner's appeal from the BIA's denial of the motion to re-open.  Therefore, the petition, including the applications for appointment of counsel and a stay of deportation, must be dismissed for lack of jurisdiction because the matter is currently pending before the Third Circuit.

---

precluded if the alien has failed to avail himself of all administrative remedies").  This policy promotes three goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).

   In this instance, federal law establishes a comprehensive administrative procedure governing the entry and removal of aliens.  See 8 U.S.C. § 1221, et seq.  Once an order of removal is issued against an alien, he or she may pursue several avenues of relief within the administrative agency that must be exhausted before the alien is eligible for federal habeas corpus relief.  For example, the alien may petition the Immigration Judge to reopen or reconsider that Judge's determination, see 8 U.S.C. § 1229a(c)(5), (6), or he or she may appeal the deportation decision to the Board of Immigration Appeals ("BIA").  See 8 U.S.C. § 1229a(c)(4).

   Here, petitioner sought to re-open his proceedings with the BIA after he had submitted his habeas petition.  Thus, his application for habeas relief would have been dismissed without prejudice for failure to exhaust administrative remedies, had the petition not been deemed withdrawn at the time for failure to pay the filing fee or submit an application to proceed as an indigent under 28 U.S.C. § 1915.

## **CONCLUSION**

For the reasons set forth above, petitioner's application for habeas relief, a stay of deportation, and for appointment of counsel, must be dismissed for lack of jurisdiction. An appropriate order follows.

                                        S/ William J. Martini
                                        _____
                                        WILLIAM J. MARTINI
                                        United States District Judge

Dated: May 18, 2005